### No. 506

No. 18398—Carr v. Doan Savings & Loan Co. Error to the Court of Appeals of Cuyahoga County.

147. BILLS AND NOTES — 1. Interest computed from date of instrument when no other specification.

2. Withholding and having money in readiness to pay borrower in installments as building progresses, is valuable consideration and interest is due lender under terms of notes.

3. Interest must be computed on sums actually advanced and not on face of the notes.

ALLEN, J.

1. Where a written instrument is payable at a future day, with interest, and nothing is stated thereon as to the commencement of the interest period, the interest is computed from the date of the instrument.

2. When one contracts to loan money to another for use in building contracts, and sets aside the money in readiness to be paid the borrower in installments as the building progresses, the withholding of the money from use constitutes a valuable consideration, and the lender is entitled to interest according to the terms of the notes evidencing the contract.

3. As the lender is under no obligation, after the maturity of the notes, to pay the borrower, interest after the maturity of the notes must be calculated upon the money actually advanced to the borrower and not upon the amount embodied in the face of the notes.

Judgment modified.

Marshall, C. J., Matthias, Day and Robinson, JJ., concur. Kinkade, J., not participating.

### No. 507

No. 18868—James C. Davis, Agent and Director General of Railroads, v. Atlas Assurance Company, Ltd., et al. Error to the Court of Appeals of Cuyahoga county.

1235. VERDICT—Action to recover damages from railroad company for destruction of property by operation of said road, wherein evidence discloses act of agent of property owner to be proximate cause of fire; failure to direct verdict for company prejudicial error.

DAY, J.

In an action against a railroad company under Section 8970, General Code, to recover damages for loss of property by fire, caused by operating the railroad, the record disclosing by an agreed statement of facts and all the evidence that the proximate cause of the fire agent of the property owner, it is the duty of the trial court upon motion to direct a verdict

in favor of the railroad company. Failure so to do is prejudicial error, for which judgment against the railroad company will be reversed.

Judgment reversed.

Marshall, C. J., Jones, Allen, Kinkade and Robinson, JJ., concur. Matthias, J., concurs in the judgment.

### No. 508

No. 18727—City of Youngstown v. Kahn Brothers Building Co. Error to the Court of Appeals of Mahoning County.

874. ORDINANCE—Restricting building of apartment in small part of municipality where public health, safety and morals would not be endangered; constitutes taking of property without due process of law.

ALLEN, J.

A provision in an ordinance establishing a fraction only of the territory of a municipality into a district, and providing that no building which is intended to be used as a dwelling shall be erected within the district except as a single or two-family dwelling, in a case where the record shows that the district is a most healthful part of the municipality in which to erect an apartment house and that the public health, morals and safety of the district and of the entire municipality will not be impaired by the erection of such an apartment house, constitutes a taking of property without due process of law and a taking of private property for public use without compensation, and is invalid.

Judgment affirmed.

Marshall, C. J., Jones and Matthias, JJ., concur. Robinson, J., concurs in the judgment.